IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Keith Allen Davis, | ) | C/A No.  3:14-4676-JMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Leon Lott, Sheriff; Dan Johnson, Solicitor of | ) | **REPORT AND RECOMMENDATION** |
| Richland County, Fifth Judicial Circuit; Dayle | ) | |
| Blackmon, Head of Asset forfeiture Dept., | ) | |
| Sheriff Deputy; Richland County Sheriff's | ) | |
| Office, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Keith Allen Davis ("Plaintiff"), a self-represented federal prisoner, brings this

civil rights action pursuant to 42 U.S.C. § 1983.  This matter is before the court pursuant to

28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC.  Plaintiff is an inmate at Edgefield

Federal Correctional Institution and files this action *in forma pauperis* under 28 U.S.C. § 1915.

Having reviewed the Complaint in accordance with applicable law, the court concludes that it should

be summarily dismissed.

I.    **Factual and Procedural Background**

The Complaint alleges that "$2,875 was taken from [Plaintiff's] possession" during an arrest

on June 2, 2011.  (ECF No. 1 at 3.)  The Complaint asserts that the solicitor's office dismissed a state

drug charge stemming from the arrest; however, Plaintiff was later federally indicted on the same

drug offense.  (Id.)  Plaintiff indicates that the federal drug charge was dismissed pursuant to a plea

agreement and he filed a motion in state court seeking return of the confiscated money.  (Id.)

Plaintiff also alleges that he sent an inquiry about the money to Defendant Lott and received a letter

PJG

from Defendant Blackmon indicating that the funds had been civilly forfeited. (<u>Id.</u> at 4; <u>see also</u> ECF No. 1-1 at 6-8.)  Defendant Blackmon's letter stated that an order of default issued in the state forfeiture proceedings did not need to be vacated, because Plaintiff's son accepted service of the forfeiture notice on Plaintiff's behalf in June of 2012 and did not inform the process server that Plaintiff was incarcerated at that time.  (<u>Id.</u>)  Plaintiff asks this court to determine "that the forfeiture is void" because Plaintiff allegedly did not receive notice of the forfeiture proceedings.  (ECF No. 1 at 5.)

## II.     Discussion

### A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents:  <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 324-25 (1989); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Nasim v. Warden, Md. House of Corr.</u>, 64 F.3d 951 (4th Cir. 1995) (*en banc*); <u>Todd v. Baskerville</u>, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is

immune from such relief."[1] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. See Neitzke, 490 U.S. at 327; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993),

---

[1] Screening pursuant to § 1915A is subject to this standard as well.



or "conjure up questions never squarely presented" to the court, <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " <u>Albright v. Oliver</u>, 510 U.S. 266, 271 (1994) (quoting <u>Baker v. McCollan</u>, 443 U.S. 137, 144 n.3 (1979)).  To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

The Complaint alleges that the defendants violated Plaintiff's right to due process by failing to provide notice of state forfeiture proceedings and seeks an order from this court setting aside the allegedly void state court judgment.  However, this court is without jurisdiction to consider an appeal from a state court decision.  <u>See</u> 28 U.S.C. § 1257; <u>see also</u> <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 476-82 (1983) (holding that a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under § 1257); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923).

The prohibition on review of state court orders by federal district courts is commonly referred to as the <u>Rooker-Feldman</u> doctrine.  <u>See</u>, <u>e.g.</u>, <u>Lance v. Dennis</u>, 546 U.S. 459, 460 (2006) ("The <u>Rooker-Feldman</u> doctrine prevents lower federal courts from exercising jurisdiction over cases brought by 'state court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' ") (citing <u>Exxon Mobile Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280,



284 (2005)).  Because the <u>Rooker-Feldman</u> doctrine is jurisdictional it may be raised by the court *sua sponte*.  <u>American Reliable Ins. Co. v. Stillwell</u>, 336 F.3d 311, 316 (4th Cir. 2003); <u>Jordahl v. Democratic Party of Va.</u>, 122 F.3d 192, 197 n.5 (4th Cir. 1997).  Further, the <u>Rooker-Feldman</u> doctrine applies even if the state court litigation has not reached a state's highest court.  <u>See Robart Wood & Wire Prods. Corp. v. Namaco Indus., Inc.</u>, 797 F.2d 176, 178 (4th Cir. 1986) (holding that federal courts must give full faith and credit to the judicial proceedings of every state).

In this case, the court lacks jurisdiction to review or set aside rulings made in Plaintiff's state court forfeiture proceedings.  Accordingly, the instant Complaint is subject to summary dismissal. <u>See</u> <u>Hamlet v. Benton</u>, No. 87-6657, 1988 WL 30710, at *1 (4th Cir. Apr. 6, 1988) (finding that the district court should have dismissed, for lack of subject matter jurisdiction, a complaint seeking return of funds forfeited in state court); <u>Dukes v. Stone</u>, C/A No. 3:08-505-PMD-JRM, 2009 WL 398079, at *4-5 (D.S.C. Feb. 17, 2009) (adopting and incorporating report and recommendation concluding that claims related to a default judgment of forfeiture in state court were barred by the <u>Rooker-Feldman</u> doctrine); <u>see also</u> <u>Montgomery v. Seay</u>, C/A No. 2:11-630-TMC-BHH, 2012 WL 1245667, at *7 (D.S.C. Mar. 16, 2012) (same), <u>adopted</u> <u>by</u> 2012 WL 1245553 (D.S.C. Apr. 13, 2012).

## III.    Conclusion

Accordingly, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

February 18, 2015
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>see</u> Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).