# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Keith Allen Davis, ) | |
| ) | Civil Action No.: 3:14-cv-04676-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Leon Lott, Sheriff; Dan Johnson, Solicitor of ) | |
| Richland County, Fifth Judicial Circuit; ) | |
| Dayle Blackmon, Head of Asset Forfeiture ) | |
| Dept., Sheriff Deputy; Richland County ) | |
| Sheriff's Office, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Keith Davis ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983.  Specifically, Plaintiff alleges that during an arrest on June 2, 2011, $2,875.00 was taken from his possession.  (ECF No. 1 at 3.)  Plaintiff further alleges that the solicitor's office dismissed a state drug charge stemming from the arrest, but Plaintiff was later indicted in federal court on the same offense. (*Id.*)  Plaintiff indicates that the federal drug charge was dismissed pursuant to a plea agreement, and he filed a motion in state court seeking the return of the confiscated money. (*Id.*)  Subsequently, Plaintiff learned that the money had been civilly forfeited after the entry of an order of default in state court. (*Id.* at 4.)  Further, Plaintiff learned that his son had accepted service of the forfeiture notice on Plaintiff's behalf and did not notify the process server that Plaintiff was incarcerated at the time. (*Id.*)  Plaintiff requests that this court determine the forfeiture is void because he did not receive adequate service, which is in violation of his right to due process under the Fourteenth Amendment. (*Id.* at 5.)

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Paige Gossett for a Report and Recommendation.  On

1

February 18, 2015, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court summarily dismiss Plaintiff's complaint without prejudice and without issuance and service of process. (ECF No. 20). The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a recitation.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1). Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Plaintiff was advised of his right to file objections to the Report. (ECF No. 20 at 6). On March 9, 2015, Plaintiff timely filed Objections to Findings and Recommendation of Magistrate Judge ("Objections"). (ECF No. 22.) In his Objections, Plaintiff asserts that the Magistrate Judge erred when she determined that the *Rooker-Feldman* doctrine bars this court from considering the legality of the judgment entered in the civil forfeiture proceeding in state court. Specifically, Plaintiff contends that he does not seek a review of the default judgment entered in his civil

forfeiture proceeding, but instead he requests a declaration that Defendants' method of service, which he alleges amounted to a lack of notice to Plaintiff, violated his right to due process. Because this court finds that Plaintiff filed specific Objections, this court has conducted a *de novo* review.

Pursuant to the *Rooker-Feldman* doctrine, lower federal courts are barred from determining issues raised and decided in the state courts, as well as those issues that are "inextricably intertwined" with issues decided by the state court. *Washington v. Wilmore*, 407 F.3d 274, 279 (4th Cir. 2005). An issue that is "inextricably intertwined" is one that was not determined by the state court, but requires a federal court to determine that the state court wrongly decided the issues before it in order for the federal claim to be successful. *Id.* Essentially, this court must determine whether a finding that Plaintiff was not properly served would have the effect of undoing the entry of default judgment against Plaintiff in his civil forfeiture proceeding. This court finds that it would.

Pursuant to South Carolina Rule of Civil Procedure 55, a default judgment may be entered where a party has failed to plead or otherwise respond as required by the rules governing civil procedure. S.C.R. Civ. P. 55(a). A judgment can only be valid where the court has obtained personal jurisdiction over the party that failed to respond. *See BB&T v. Taylor*, 633 S.E.2d 501, 503 (S.C. 2006). A court generally obtains personal jurisdiction through service of the complaint or a summons. *Id.* Pursuant to the civil rules, service can be effectuated by delivering the summons directly to the party named in the summons or by leaving a copy at his usual dwelling place with a "person of suitable age and discretion then residing therein, or by delivering a copy to an agent authorized by appointment or by law to receive services of process." S.C.R. Civ. P. 4(d)(1). Thus, in order for the South Carolina court to enter a default judgment in the civil forfeiture proceeding, the court would have had to make the determination that Plaintiff had been

3

properly served such that the court had personal jurisdiction over him. If this court were to make the determination that Plaintiff had been improperly served, such a ruling would have the effect of requiring the South Carolina courts to reverse the default judgment entered against Plaintiff in his civil forfeiture proceeding. This court is without jurisdiction to do that. Accordingly, this court finds that the Magistrate Judge properly determined that the *Rooker-Feldman* doctrine prevents this court from reviewing the merits of Plaintiff's complaint.

Further, Plaintiff filed subsequent motions to amend his complaint (ECF No. 24) and to reopen the time for appeal (ECF No. 27). The court has reviewed Plaintiff's motion to amend and finds that amendment would be futile because this court would still be without jurisdiction to review the merits of Plaintiff's claim. Additionally, the motion to reopen the time for appeal is moot because a final judgment has not yet been entered in this action.

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law. The court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 20). Accordingly, Plaintiff's action (ECF No. 1) is **DISMISSED** without prejudice and without issuance and service of process. Further, Plaintiff's motions to amend his complaint (ECF No. 24) and to reopen the time for appeal (ECF No. 27) are **DENIED**.

**IT IS SO ORDERED.**

J. Michelle Childs

United States District Judge

August 31, 2016
Columbia, South Carolina