## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | | |
|---|---|---|
| Keith Allen Davis, | ) | |
| | ) | Civil Action No. 3:14-cv-04676-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Leon Lott, Sheriff; Dan Johnson, | ) | **ORDER** |
| Solicitor for the Richland County Fifth | ) | |
| Judicial Circuit; Sheriff's Deputy Dayle | ) | |
| Blackmon, Head of Asset Forfeiture; | ) | |
| Richland County Sheriff's Dept., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |

This matter is before the court pursuant to Plaintiff's Motion to Vacate the Order of Dismissal from August 31, 2016. (ECF No. 32.) Plaintiff alleges that the initial Order of Dismissal (ECF No. 29) was unlawful and in violation of Plaintiff's rights to due process and equal protection and therefore should be vacated pursuant to Rule 60(b) of the Federal Rules of Procedure.

For a judgment to be vacated under Rule 60(b), one must find fault with the initial final judgment in at least one of the following six ways: (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence"; (3) "fraud…misrepresentation, or misconduct on the part of an opposing party"; (4) "the judgment is void"; (5) "the judgment has been satisfied, released, or discharged", or the initial judgment was based upon an earlier judgment that itself has since been reversed or vacated; or (6) "for any other reason that justifies relief". Fed. R. Civ. P. 60(b).

Here, Plaintiff seeks to vacate the court's order based on the following grounds: (4) claiming the judgment is void due to its violation of Plaintiff's constitutional rights and was not

set forth in a meaningful and lawful manner, (5) post-*Feldman* case law has overruled this court's previous decision, and (6) if there is any other reason found within justifying relief. Plaintiff acknowledges that this court previously dismissed Plaintiff's claim on the grounds Plaintiff was requesting this court overturn a state court decision, which would violate the *Rooker-Feldman* Doctrine. (ECF No. 32.) Plaintiff cites to *Twigg v. Sears, Roebuck & Co.*, 153 F.3d 1222 (11th Cir. 1998) as allowing for review of a state court's judgment where a state court's judgment is not recognized as having the full faith and credit necessary to prevent its being precluded by a federal court. *Twigg* nowhere touches upon this issue and in fact resolves on whether the Eleventh Circuit had the ability to overturn a lower federal district court's decision with regard to whether a class member was given sufficient notice of a class action suit that they wished to join. 153 F.3d at 1223.

Plaintiff further cites in his favor two Supreme Court cases which he believes overrule the *Rooker-Feldman* Doctrine. (ECF No. 32 at 3) (citing to *Univ. of Tenn. v. Elliot*, 476 U.S. 788 (1986) and *Kremer v. Chemical Construction Corp.*, 456 U.S. 461 (1982).) In *Elliot* the Supreme Court explicitly preserved the independence of state judiciaries from federal district courts and clarified that state-level departments' administrative factfinding (such as those of universities) should not be granted the same deference. 476 U.S. at 794. The three-part test introduced in *Elliot* therefore does not apply. *Kremer* is in fact an explicit example of a state court judgment being preclusive to a district court's review. 456 U.S. at 463.

Preclusion doctrine does not allow this, or any other, federal district court to overturn a state court's default judgment, regardless of how erroneous that judgment may be. Plaintiff's only course of action is through his state's appellate system up to, and including the Supreme Court of the United States if he believes his constitutional rights were indeed violated.

Plaintiff's Motion to Vacate (ECF No. 32) is **DENIED**.

**IT IS SO ORDERED.**

_J. Michelle Childs_
United States District Judge

June 28, 2017
Columbia, South Carolina