# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Keith Allen Davis, | ) |
|       Plaintiff, | ) Civil Action No.: 3:14-cv-04676-JMC |
| v. | ) **ORDER** |
| Leon Lott, *Sheriff*; Dan Johnson, *Solicitor of Richland County-Fifth Judicial Circuit*; Dayle Blackmon, *Head of Asset Forfeiture, Sheriff Deputy*; Richland County Sheriff's Office, | ) |
|       Defendants. | ) |

This matter is before the court for review of Plaintiff Keith Allen Davis' ("Plaintiff") Motion to Vacate Void Judgment and Motion to Set Aside Default Judgment. (ECF No. 42.) Plaintiff, proceeding *pro se* and *in forma pauperis*, filed his Motions on June 27, 2018.[1] (ECF No. 42-2 at 2.) Plaintiff's Motions seek to void a judgment from the court that was entered, pursuant to the court's Order and Opinion, on August 31, 2016, and he moves pursuant to Federal Rule of Civil Procedure 12(b)(4). (ECF Nos. 42, 30.) This is Plaintiff's second Motion to Vacate involving the court's Order and Opinion from August 31, 2016. (*See* ECF Nos. 32, 42.) Plaintiff's first Motion to Vacate, which sought to vacate the court's Order and Opinion from August 31, 2016, was filed in January 2017 and denied by the court on June 28, 2017. (ECF Nos. 32, 34.)

---

[1] Under the prison mailbox rule, "a pro se litigant's legal papers are considered filed upon 'delivery to prison authorities, not receipt by the clerk.'" *United States v. McNeill*, 523 F. App'x 979, 981 (4th Cir. 2013) (quoting *Houston v. Lack*, 487 U.S. 266, 275 (1988)). In the instant case, Plaintiff delivered his Motion to Vacate Void Judgment and Motion to Set Aside Default Judgment to prison authorities on June 27, 2018. (ECF No. 42-2.) Therefore, pursuant to *Houston* and for purposes of the prison mailbox rule, Plaintiff's Motions were filed on June 27, 2018. 487 U.S. at 275.

1

Under Rule 60(c) of the Federal Rules of Civil Procedure, "[a] motion under Rule 60(b) must be made within a reasonable time . . . after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c). The movant bears the burden of showing timeliness. *See Moses v. Joyner*, 815 F.3d 163, 166 (4th Cir. 2016) (citing *Werner v. Carbo*, 731 F.2d 204, 206–07 & n.1 (4th Cir. 1984)). Whether a movant has timely filed a Rule 60(b) motion is "[b]ased on the circumstances" of the case. *See Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 300 (4th Cir. 2017) (holding that a moving party untimely filed a Rule 60(b) motion when they "waited more than two years" to file a Rule 60(b) motion and did not face "hurdles to surmount" in filing the motion). *See also Days Inn Worldwide, Inc. v. Patel*, 445 F.3d 899, 906 (6th Cir. 2006) ("What constitutes a reasonable time depends on the facts of each case." (citation omitted)).

The court issued its Order and Opinion, which dismissed Plaintiff's Complaint (ECF No. 1), on August 31, 2016. (ECF No. 29.) The court issued its judgment on that same day. (ECF No. 30.) The court denied Plaintiff's first Motion to Vacate, concerning the court's Order and Opinion, on June 28, 2017. (ECF No. 34.) Plaintiff's second Motion to Vacate, regarding the court's judgment, was filed on June 27, 2018. (ECF No. 42.) The instant Motion to Vacate is untimely because it involves a judgment that was entered almost two years before its filing. (*Compare* ECF No. 30, *with* ECF No. 42-2.) Moreover, Plaintiff's current Motion to Vacate does not identify any hurdles that caused him to file his Motion almost two years later. (*See* ECF No. 42.) Plaintiff fails to provide any explanation for his untimeliness. (*See id.*) Indeed, the United States Court of Appeals for the Fourth Circuit has routinely held that such moves by Plaintiff are not within a "reasonable time." *See Danielson v. Human*, 676 F. App'x 198, 199 (4th Cir. 2017) (holding that a district court did not abuse its discretion for finding a Rule 60(b) motion as untimely when it was

filed "more than [two] years after entry of judgment"); *Wadley v. Equifax Info. Servs., LLC*, 296 F. App'x 366, 368 (4th Cir. 2008) (holding that a party did not file his Rule 60(b) motion within a reasonable time when he waited "almost two years"); *McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991) (holding that a Rule 60(b) motion is not timely when it was made "three to four months after the original judgment and no valid reason [was] given for the delay" (citations omitted)). Therefore, Plaintiff has failed to show that his current Motion to Vacate is timely, and his Motion has not been made within a "reasonable time." *Wells Fargo Bank, N.A.*, 59 F.3d 295 at 300. Additionally, Plaintiff's Motion to Vacate attempts to re-argue the merits of his case, which this court adequately addressed in its prior Order denying his first Motion to Vacate. (*Compare* ECF No. 42, *with* ECF No. 32, *and* ECF No. 34.) For these reasons, the court **DENIES** Plaintiff's Motion to Vacate Void Judgment and Motion to Set Aside Default Judgment (ECF No. 42).

    **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 20, 2019
Columbia, South Carolina

3